IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:20-cr-00182

RICKY V. MCLAUGHLIN,

          Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

    Pursuant to Standing Order entered on October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February

1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on December 5, 2023, this case was designated for Standard consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSR from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Mr. McLaughlin was convicted of wire fraud pursuant to a guilty plea entered on January 14, 2021. At the time of his original sentencing, he had zero criminal history points. He had a total offense level of 27 and a criminal history category of I, for a Guideline range of 70 to 87 months. On May 19, 2021, the Court imposed a guideline sentence of imprisonment of 87 months, to be followed by three years of supervised release. The Court also ordered Mr. McLaughlin to pay $781,750 in restitution to his victims. Mr. McLaughlin's projected release date is July 23, 2026. Following implementation of Amendment 821, Mr. McLaughlin would receive an additional two-level reduction to his offense level after Chapters Two and Three of the Guidelines Manual are applied. His offense level would be 25 and his criminal history category would remain I, resulting in an amended Guideline range of 57 to 71 months.

The PSR Addendum notes that Mr. McLaughlin appears to satisfy all the criteria outlined in the new §4C1.1. Mr. McLaughlin argues that his sentence should be reduced to the bottom of the amended Guideline range, 57 months, or time served, based on his record of achievement while incarcerated. Specifically, Mr. McLaughlin notes that he has completed several programs "that demonstrate his commitment to rehabilitation and preparation for success" upon his release. (Mem. Def. at 2–3) (Document 67.) He also works as a camp orderly and has a job in the camp garage, which jobs have allowed him to consistently contribute to his restitution obligation. Finally, he notes that he has sustained no disciplinary infractions while incarcerated and is designated a minimum risk for recidivism and has a minimum-security classification. The United States does not oppose a reduction but recommends a sentence of 71 months, at the upper end of the amended Guideline range. (Mem. U.S. at 2) (Document 66.)

Mr. McLaughlin is eligible for a reduction as a Zero Point Offender. Nevertheless, the Court finds that a reduction under Amendment 821 is not appropriate in this case. Relevant here, Mr. McLaughlin's wire fraud scheme involved accepting wire transfer payments for vehicles with the intent to defraud the purchasers by failing to provide the purchased vehicles and/or the vehicle titles. He also sold vehicles on consignment and failed to pay the vehicle owners the agreed amounts after their vehicles were sold. Mr. McLaughlin operated his business under the guise of being affiliated with his brother's legitimate vehicle business, while, in fact, Mr. Laughlin did not have a business license and was not bonded or insured. In all, Mr. McLaughlin caused a total loss of $1,022,250 to 17 victims. At sentencing, the Court further found that a two-level increase to Mr. McLaughlin's base offense level for obstruction of justice was appropriate. Specifically, the Court found that Mr. McLaughlin had contacted one of his victims in an attempt to persuade the

victim to remove himself from the case. Moreover, Mr. McLaughlin represented to both the Court and the probation officer that he did not possess any vehicles belonging to the victims in this case. However, during the home and business assessment, the probation officer located two vehicles belonging to victims at Mr. McLaughlin's business. The Court reiterates its finding at sentencing that Mr. McLaughlin's conduct during the investigation and representations to the Court throughout the proceedings do not demonstrate acceptance of responsibility.

The Court has also considered the remaining Section 3553(a) factors and finds that they do not support a reduction pursuant to Amendment 821. Notably, Mr. McLaughlin was previously convicted of bank fraud for fraudulently inflating the purchase price of vehicles on altered invoices that he submitted to the bank. That type of fraud was of the same nature as that of which he was convicted here, and the Court determined that the sentence imposed in that case did not provide adequate deterrence to Mr. McLaughlin. Accordingly, the Court finds that the original sentence of 87 months of imprisonment, followed by three years of supervised release, remains sufficient, yet not greater than necessary, to meet the goals of sentencing. It reflects the seriousness of the offense, provides just punishment, promotes respect for the law, and should deter Mr. McLaughlin and others from committing similar crimes in the future. It also adequately protects the public from further crimes by Mr. McLaughlin while avoiding unwarranted sentence disparities and providing restitution to his victims.

Based on the foregoing considerations, the Court **ORDERS** that any relief pursuant to Amendment 821 be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshals.

ENTER:     January 30, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA